IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15-CR-316 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT B. RAY, | ) | GOVERNMENT'S NOTICE OF INTENT |
| | ) | TO ADMIT EVIDENCE OF PRIOR |
| Defendant. | ) | CHILD MOLESTATION OFFENSE |
| | | PURSUANT TO FEDERAL RULE OF |
| | | EVIDENCE 414 |

Now comes the United States of America, through its counsel, Carole S. Rendon, Acting United States Attorney, and Brian M. McDonough, Assistant United States Attorney, and respectfully gives notice of its intent to admit evidence of defendant Robert B. Ray's prior child molestation offense pursuant to Federal Rule of Evidence 414 and for the reasons set forth in the attached Memorandum.

          Respectfully submitted,

          CAROLE S. RENDON
          Acting United States Attorney

By:  /s/ Brian M. McDonough
      Brian M. McDonough (OH: 0072954)
      Assistant United States Attorney
      United States Court House

2

801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov

Case: 1:15-cr-00316-PAG Doc #: 24 Filed: 02/22/16 2 of 11. PageID #: 108

## MEMORANDUM

### I.  PROCEDURAL BACKGROUND

On December 15, 2015, a grand jury returned a Superseding Indictment charging Ray with 13 counts of producing visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18 U.S.C. § 2251(a) and (e); one count of receiving and distributing visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18 U.S.C. § 2252(a)(2); and, one count of possessing child pornography, in violation of Title 18 U.S.C. § 2252A(a)(5)(B). (Docket #18).

First, the evidence will show that from September 9, 2009 through December 17, 2013, Ray did use, persuade, induce, entice, and coerce 13 minors to engage in sexually explicit conduct to transmit a live visual depiction of such conduct and knowing and having reason to know that such visual depictions would be transmitted using any means or facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce.

Second, the evidence will show that on August 25, 2009, Ray did attempt to use, persuade, induce, entice, and coerce two minors to engage in sexually explicit conduct to transmit a live visual depiction of such conduct and knowing and having reason to know that such visual depictions would be transmitted using any means or facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce.

Third, the evidence will show that from May 1, 2003 through July 29, 2015, Ray did knowingly receive in interstate and foreign commerce, by computer, numerous computer files, which files contained visual depictions of real minors engaged in sexually explicit conduct.

Fourth, the evidence will show that on July 29, 2015, Ray did knowingly possess a computer, that contained child pornography, which child pornography had been shipped and transported in interstate and foreign commerce by any means, including by computer, and which

3

was produced using materials which had been shipped and transported in interstate or foreign commerce by any means, including by computer, and at least one image involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age.

## II. SUMMARY OF EVIDENCE TO BE ADMITTED

On July 29, 2015, FBI agents executed a search warrant at Ray's residence to search for evidence of child pornography. During the search, the FBI invited Ray to take a voluntary polygraph. Ray consented and voluntarily drove himself to the Elyria FBI to be interviewed. Although not in custody, Ray voluntarily waived his Miranda rights in writing.

During an interview with FBI Special Agent Lance Fragomelli, Ray initially denied but later admitted to touching the vagina of his 3-year-old family member with his fingers for sexual gratification. The molestation occurred on April 8, 2009 at approximately 8:00 P.M. at Ray's residence. Ray was holding the 3-year-old on his left leg while he was on a recliner in the living room. Ray had a laptop on his right leg. After Ray molested the 3-year-old, she stated, "That's nasty." The 3-year-old's mother was present and heard her daughter's comment.

In 2009, Lorain County Children Services investigated and later interviewed the 3-year-old, who was not able to disclose what had happened. Ray denied intentionally touching the 3-year-old and claimed any contact was an accident. The Lorain police department referred the investigation to the Lorain County Prosecutor's Office. The case was subsequently closed.

## III. ARGUMENT

### A. Federal Rule of Evidence 414

In 1994, as part of the Violent Crime Control and Law Enforcement Act, Congress enacted Federal Rules of Evidence (FRE) 413 and 414. Pub. L. No. 103-322, § 320935(a), 108 Stat. 1796 (Sept. 13, 1994). FRE 414(a) provides that "[i]n a criminal case in which a defendant

4

is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant." FRE 414 defines a crime of "child molestation" to include "contact between any part of the defendant's body … and a child's genitals or anus," "contact between the defendant's genitals or anus and any part of a child's body," and attempts to engage in such conduct. Fed. R. Evid. 414(d)(2)(C), (d)(2)(D), and (d)(2)(F). A "child" is defined as "a person below the age of 14." Fed. R. Evid. 414(d)(1). A conviction for a child molestation crime is not required; uncharged offenses are admissible under FRE 414. See, e.g., United States v. McHorse, 179 F.3d 889, 895, 896-97, 899 (10th Cir. 1999) (affirming admission of uncharged child molestation crimes pursuant to FRE 414(a)). FRE 414(b) requires the disclosure of such evidence "including witnesses' statements or a summary of the expected testimony … at least 15 days before trial or at a later time that the court allows for good cause."

In contrast to FRE 404, which prohibits the admission of evidence to prove the defendant's propensity to commit the charged offense, FRE 414 evidence that the defendant committed a prior child molestation "may be considered for its bearing *on any matter* to which it is relevant," including the defendant's propensity to commit such an offense. Fed. R. Evid. 414(a) (emphasis added). See also United States v. Seymour, 468 F.3d 378, 384-85 (6th Cir. 2006) (stating that FRE 413 and 414 "create an exception to the general ban on propensity evidence contained in Rule 404(b)" (internal citations omitted)).[1]

---

[1]    Because the language of FRE 413 and 414 is so similar and because these rules both serve the identical function of permitting the use of propensity evidence in sexual abuse cases, courts commonly rely on cases interpreting one rule to interpret the other. See, e.g., United States v. Sioux, 362 F.3d 1241, 1244 n.4 (9th Cir. 2004) ("Due to the striking similarities between these rules and the fact that they are in pari materia, we have followed decisions interpreting each of these rules individually in cases interpreting their companions" (citations omitted)).

Relevant evidence of a defendant's other crimes of child molestation is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice or by any other factor under FRE 403. See United States v. Sanchez, 440 F. App'x 436, 439-40 (6th Cir. 2011) (finding that "although the [FRE 414] evidence is highly prejudicial, it is not prejudicial enough to mandate exclusion when balanced against its substantial probative value"); Seymour, 468 F.3d at 385 (stating that "Rule 403, which balances the probative value of relevant evidence against the 'danger of unfair prejudice, confusion of the issues, or misleading the jury,' applies to evidence that would be otherwise admissible under either rule" 413 or 414).

### B. Evidence of the Ray's Child Molestation Offense is Admissible Pursuant to Fed. R. Evid. 414

When assessing the admissibility of Rule 414 evidence, the Court must make three threshold determinations before reaching the FRE 403 balancing test.  First, the Court must find that the defendant is accused in a criminal case of an offense of "child molestation."  See Fed. R. Evid. 414(a).  Child molestation offenses include a crime under Chapter 110 of Title 18 U.S.C., which include Ray's indicted crimes of producing, receiving, and possessing child pornography.

Second, the Court must find that the evidence proffered involves the defendant's commission of another crime of "child molestation."  See Fed. R. Evid. 414(a).  "Child molestation" is broadly defined in FRE 414 to include "contact between any part of the defendant's body…and a child's genitals or anus." Fed. R. Evid. 414(d)(2)(C).  Gross sexual imposition under Ohio Revised Code § 2907.05 provides: "No person shall have sexual contact with another, not the spouse of the offender … when any of the following applies: The other person … is less than thirteen years of age, whether or not the offender knows the age of that person."

6

Here, Ray admitted that he molested his 3-year-old family member by touching her vagina with his fingers for the purpose of sexual gratification. Ray's skin-to-skin, fingers-to-vagina contact between himself and the 3-year-old satisfies Fed. R. Evid. 414(d)(2)(C).

Third, the Court must find that the proffered evidence is relevant "on any matter." Fed. R. Evid. 414(a); see also Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action"); United States v. Sturm, 673 F.3d 1274, 1282 (10th Cir. 2012) (stating that for evidence to be admissible under FRE 414, the trial court also must determine that the evidence is relevant). In this case, the proffered evidence regarding the Ray's molestation of his 3-year-old family member is relevant to proving Ray's propensity to commit the charged offenses. Propensity to commit the charged offenses is a basis of admissibility unique to FRE 414 and therefore will be discussed in this section.

### C. Evidence of the Ray's Child Molestation Offense is Admissible Pursuant to Sixth Circuit Case Law

The Sixth Circuit and other courts have recognized that FRE 414, and its companion rule FRE 413, provide an exception to FRE 404's ban on propensity evidence. See Seymour, 468 F.3d at 384-85 (stating that FRE 413 and 414 "create an exception to the general ban on propensity evidence contained in Rule 404(b)" (internal citations omitted)). See also United States v. Redlightning, 624 F.3d 1090, 1119 (9th Cir. 2010) (FRE 413 "provides an exception for admission of propensity evidence when it involves the commission of another sexual assault"); United States v. Batton, 602 F.3d 1191, 1197 (10th Cir. 2010) (stating that "[b]oth Rule 413 and Rule 414 serve the same purposes---to provide exceptions to Rule 404(a)'s prohibition on the admission of propensity evidence"); United States v. Hawpetoss, 478 F.3d 820, 823 (7th Cir. 2007) (stating that FRE 413 and FRE 414 "create an exception to the general prohibition against

7

'propensity evidence' found in Federal Rule of Evidence 404(b)"); United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001) (stating that "in sexual assault and child molestation cases, evidence that the defendant committed a prior similar offense 'may be considered for its bearing on any matter to which it is relevant,' including the defendant's propensity to commit such offenses" pursuant to FRE 413 and 414).  Congress recognized the need for such an exception in child molestation cases "because 'a history of similar acts tends to be exceptionally probative…[of] an unusual disposition of the defendant---a sexual or sado-sexual interest in children---that simply does not exist in ordinary people.'"  Sturm, 673 F.3d at 1283 (quoting 140 Cong. Rec. H8968—01, H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)).

     Simply put, evidence that Ray molested a 3-year-old demonstrates his propensity to produce, receive, and possess child pornography.  Thus, the proffered FRE 414 evidence makes a fact of consequence (i.e., whether Ray produced, received, or possessed child pornography) more or less likely.  See United States v. Rogers, 587 F.3d 816,821 (7th Cir. 2009) (stating that "common sense suggests that someone with a propensity to do something is more likely to have done the same thing again" and "[t]he [FRE 413] evidence, therefore, makes a fact of consequence more or less likely" (internal citations omitted)).

     Lastly, under the FRE 403 balancing analysis, evidence of that Ray molested a 3-year-old demonstrates his propensity to produce, receive, and possess child pornography because its significant probative value outweighs the danger of unfair prejudice and other FRE 403 concerns.  Without question, this evidence is highly prejudicial, but that is the nature of <u>all</u> FRE 414 child molestation evidence.  See Sanchez, 440 F. App'x at 439-40 (nothing that "nearly all evidence admissible under Rule 414 will be highly prejudicial" but "'the danger of unfair prejudice…presented by the unique stigma of child sexual abuse…is one that all propensity

8

evidence in such trails presents,'" citing United States v. Stout, 509 F.3d 796, 802 (6th Cir. 2007) (quoting United States v. Lecompte, 131 F.3d 767, 770 (8th Cir. 1997) (internal quotation marks omitted)). Thus, the question is whether the child rape evidence is *unfairly* prejudicial. United States v. Medicine Horn, 447 F.3d 620, 623 (8th Cir. 2006) (holding that "the inflammatory potential inherent in the sexual nature of prior sexual offenses cannot be considered" because "the question is not whether the evidence is prejudicial…but whether the evidence was *unfairly* prejudicial" (emphasis in original)).

The substantial similarity between Ray molesting a 3-year-old demonstrates his propensity to produce, receive, and possess child pornography militates strongly in favor of admissibility because it minimizes the risk of unfair prejudice. See Seymour, 468 F.3d at 385 (pursuant to FRE 413 and FRE 403, affirming admission of testimony regarding Defendant's prior sexual assaults because the testimony of the charged victims "was markedly similar to the claims of [the FRE 413 victims], and this similarity enhances its probative value"); Gabe, 237 F.3d at 960 (pursuant to FRE 414 and 403, affirming district court's admission of testimony that the defendant sexually molested the witness 20 years earlier; observing that the similarity between prior abuse and charged acts, including age of victims, defendant's relationship to victims, and nature of sex acts, "would not be so facially inflammatory as to unduly divert attention from issues of the case" (internal citations omitted)).

Here, the victim in the proffered FRE 414 evidence is Ray's 3-year-old family member. Ray's sexual gratification of children is probative of him producing, receiving, and possessing child pornography. Given the strong similarities between the proffered and charged conduct, the significant probative value of Ray's child molestation offense evidence is not outweighed by

9

unfair prejudice or any other concerns set forth in FRE 403.  Accordingly, the evidence should be admitted pursuant to FRE 414.

## IV.     CONCLUSION

For the foregoing reasons, the United States respectfully gives notice of its intent to admit evidence of Ray's prior child molestation offense pursuant to Federal Rule of Evidence 414.

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this 22nd day of February, 2016 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                <u>/s/ Brian M. McDonough</u>
                Brian M. McDonough
                Assistant U.S. Attorney